```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION
```

Adam Chasteen,                       :

    Plaintiff,                    :

  v.                                 :          Case No. 2:14-cv-1690

                                                                          JUDGE ALGENON L. MARBLEY

Gary Mohr, et al.,                   :          Magistrate Judge Kemp

    Defendants.                   :

## REPORT AND RECOMMENDATION

    As reflected in the Court's order dated January 5, 2016, a number of the named defendants have not yet been served.  That order directed Plaintiff to show cause why his claims against those defendants should not be dismissed without prejudice.  The other defendants in the case filed an answer but have filed no motions, having obtained a stay of the dispositive motion deadline.

    In response to the show cause order, Plaintiff moved to dismiss the entire case without prejudice.  In his motion (Doc. 23), he explains that he had not been able to pursue discovery or to prepare his case for trial.  He asserts that a dismissal will not prejudice the remaining defendants, noting that it does not appear they have incurred any significant expense up to this point in defending the case.  Defendants have responded by stating that they have no objection to a dismissal with prejudice, and that they recognize that it is within the Court's discretion to allow a dismissal without prejudice.

    Defendants are correct about that, and this Court has, in the past, exercised its discretion in favor of such dismissals.  <u>See, e.g., Luckey v. Butler County</u>, 2006 WL 91592 (S.D. Ohio Jan. 13, 2006).  <u>Luckey</u> contains a good exposition of the factors which the Court is to consider, including prejudice to the

defendants, the diligence of the plaintiff, and the reasons given for the request to dismiss. See id. at *2, citing Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994). The presence or absence of "plain legal prejudice" to the defendants is a key factor, and when that cannot be demonstrated, this Court has been inclined to permit dismissal of case like this one, even in a situation where defendants have presented potentially dispositive motions, which, of course, has not occurred here. See also Neu v. Adams County Jail, 2012 WL 3878717 (S.D. Ohio Sept. 6, 2012), adopted and affirmed 2012 WL 5378303 (S.D. Ohio Oct. 31, 2012). Given that defendants have neither filed a dispositive motion (apart from the one noting failure of service on some defendants) nor asserted any plain legal prejudice which might result from the granting of Plaintiff's motion, it is recommended that Plaintiff's motion to dismiss (Doc. 23) be granted, that this case be dismissed without prejudice, and that the motion to dismiss based on insufficiency of service of process (Doc. 19) be denied as moot.

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to

object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge